IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NICHOLAS JOSEPH NARDINI,<br><br>Plaintiff,<br><br>vs.<br><br>RESPONDAET SUPERIOR,<br><br>Defendant. | CV 23–96–M–DWM<br><br><br><br>ORDER |

Plaintiff Nicholas Joseph Nardini, appearing pro se, filed a complaint on August 29, 2023. (Doc. 1.) The complaint, filed with a request for an injunction, without a caption, and under the warning "emergency," does not name a defendant but rather includes "Respondaet [sic] Superior" next to the number "2" at the top of the page below his name. (*See id.*) It alleges that on August 29, 2023 the following events occurred:[1]

> in my hotel room 2 blocks from this court house and while I've been inside this federal building I have been interfered with through involuntary treatment, cohersive [sic] control, by the same actors, contractors that have used the color of law as their authority or in an attempt to involve the color of law as their protection.

---

[1] While the complaint was hand written and in all capital letters, this Order does not adopt the same formatting.

1

(*Id.* at 1.) The complaint continues to allege a series of claims, against whom it is unclear, such as his property being held for the past four years. (*Id.*)

District courts retain discretion in determining whether a pleading is "frivolous." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The term "frivolous . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32–33 (citing *Neitzke*, 490 U.S. at 325, 327–28). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. "A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction." *Tr. v. Am. Honda Fin. Corp.*, 2016 WL 756461, at *2 (C.D. Cal. Feb. 25, 2016) (sua sponte dismissing the complaint after concluding that "the complaint is frivolous, provides insubstantial support for federal subject matter jurisdiction, and cannot be amended to state a claim for which relief can be granted" (citing *Hagans v. Lavine*, 415 U.S. 528, 537–38 (1974))).

The basis for Nardini's complaint is difficult to decipher, making them facially irrational and wholly incredible. Thus, they plainly fall within the class of "clearly baseless" claims that a district court may dismiss as factually frivolous. *See Denton*, 504 U.S. at 32–33. Additionally, because the complaint is baseless, devoid of merit, and wholly frivolous, the complaint may be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted). But here, there is no reason to believe the factual allegations could be remedied through amendment or more specific pleading because the claims are inherently frivolous. *See Lopez v. Smith*, 203 F. 3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

Accordingly, IT IS ORDERED that the Complaint (Doc. 1) is DISMISSED. The Clerk is directed to close the case.

DATED this 12 day of September, 2023.

_____
Donald W. Molloy, District Judge
United States District Court